UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>FLOYD DEAN BEST, JR,<br><br>Defendant. | No. 2:15-CR-031-JLQ-2<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY<br>☒ Motion Granted<br>**(ECF No. 90)** |

At the August 19, 2015, hearing on Defendant's Motion for release from custody, ECF No. 90, Defendant was present with counsel Ronald A. Van Wert. Assistant U.S. Attorney Matthew Duggan represented the United States.

The Court previously had considered detention at a hearing on June 10, 2015. Prior to that hearing, the Court considered the Bail Report, ECF No. 58.

At the June 10th hearing, the United States presented the testimony of United States Deputy Marshal Perry, to the effect that Defendant was a flight risk because one "Mr. France" claimed that Defendant was concealing his identity by altering Defendant's tattoos, and Defendant was found outside the jurisdiction and believed to be using false ID. The United States further argued the 18 U.S.C. § 3142(e)(3) presumption that no combination of conditions will assure community safety or Defendant's appearance because Defendant is charged with a drug crime, with a maximum penalty of 10 years or more.

Defendant argued his residency in this District since infancy, questioned the credibility of "Mr. France," and pointed out that the Bail Report opined that the

Court could fashion conditions of release that would assure community safety and Defendant's attendance.

The Court granted the United States' Motion for detention, ECF No. 60.

Defendant subsequently moved for a rehearing, ECF No. 90, and the Court held a second hearing on August 19, 2015. This Order memorializes that hearing.

The Court again reviewed the Bail Report, and the memorandum of defense counsel, ECF No. 90. The Court delayed the start of hearing for approximately 25 minutes so that defense witnesses could be present, but when the witnesses appeared Defendant did not present their testimony.

In arguing for conditions of release to be set, Defendant proffered that "Mr. France," to whom information was attributed in the June 10 hearing, was unreliable because that person had stolen personal property from Defendant, that Defendant was not attempting to conceal his identity by altering tattoos but merely trying to obliterate the name of his ex-wife while leaving other unique and identifiable tattoos unaltered, and that at no time did he have false ID and in fact was apprehended in Utah because he was using his proper ID at a retail store there.

Defendant also asks the Court to consider that he is suffering from an abscessed tooth and is unable to obtain the desired treatment in the facility where he is held, is allergic to mustard but is not being accommodated by the jail, and that because of overcrowding, he has not been provided meaningful access to the jail legal library.

Subsequent to the hearing, Defendant filed a declaration noting that he had scheduled a substance abuse evaluation for August 28, 2015. ECF No. 109.

The United States continued to advocate for detention, reasserted the rebuttable presumption in 18 U.S.C. § 3142(e)(3), and proffered that, while Defendant was initially charged with conspiracy to distribute 50 grams or more of a substance containing methamphetamine, subsequent investigation revealed that the relevant amount was over 100 grams, potentially subjecting Defendant to a

mandatory 10-year term of imprisonment, and thus increasing the risk of flight. The United States also argued that Defendant's prior criminal record supported detention.

The Court has considered the above circumstances in light of the factors enumerated in 18 U.S.C. § 3142, including:

**I. The nature and circumstances of the offense charged**

The Affidavit in support of the Complaint alleges that in a series of controlled buys from Defendant personally, Defendant and others conspired to introduce significant quantities of methamphetamine into the community. To the extent that Methamphetamine is a dangerous drug, this circumstance weighs against release.

**II. The weight of the evidence against the Defendant**

"Controlled buys" are generally considered strong evidence, though the weight of the evidence is the least important consideration in evaluating whether release conditions can be fashioned. This weighs but slightly against release.

**III. Defendant's history and characteristics, including:**

**Character** – A defendant's character *per se* is difficult to assess. Typical factors such as industriousness evidenced by steady employment, loyalty and support of family, law abiding behavior and avoiding illegal drugs are all discussed in separate headings. This factor weighs neither for nor against release.

**Physical and mental condition** – There is no indication that Defendant is physically or mentally impaired, or otherwise lacks the wherewithal to comply with conditions of release. This weights slightly in favor of release.

**Family ties** – Defendant has family members in the Pacific Northwest, but his ties are not strong. This weighs against release. Both parents are deceased. Defendant has one adult child, with whom he says he has a good relationship and speaks frequently. But the Bail Report suggests Defendant may not have been aware that his son moved to Montana a year ago. Defendant reports he has not

spoken to his sister in Montana in several years, and "does not have a lot of contact" with a half-sister.

**Employment** – Defendant is not presently employed, but he reports past employment in the "overhead door" business, and possessing a certificate in welding and a CDL license allowing him to drive commercial trucks. Defendant has also supported himself through self-employment extracting metals. These circumstances weigh in favor of release.

**Financial resources** – Defendant reports no income at the present time, and receiving no government assistance. He owns property he inherited, lives in a shop there, and benefits from his girlfriend's disability income. That Defendant would have means of support while out of custody weighs in favor of release.

**Length of residence in the community** – Defendant reports being a resident of central Washington State, within the Eastern District of Washington, since infancy, and living in the same shop / residence throughout that time. This favors release.

**Community ties** – Defendant owns the property where he resides, and this may be considered a significant tie to the community, and weighs in favor of release.

**Past conduct** – Defendant's past conduct is largely unknown, understanding that criminal activity, appearance for court and drug abuse are accounted for under other sections. The Court notes that Defendant was arrested on this charge while traveling some two states away, while apparently unemployed, approximately a month after his half-brother and alleged co-conspirator was taken into custody. These facts were not objected to, and no explanation was offered. The Court is reluctant to speculate or assign weight to these circumstances.

**History relating to alcohol and drug abuse** – Defendant's long-time methamphetamine use, aggravated by alcohol consumption and that fact that he has not received treatment, weighs significantly against release.

**<u>Criminal history</u> –** Defendant's criminal history is significant, occurs at a steady pace throughout his adult life, reflecting involvement in illegal drugs, domestic violence and property crimes. This weighs against release.

**<u>Record concerning appearance at court proceedings</u> –** Defendant's record of appearing for court is poor. The Bail Report outlines at least seventeen instances. While this number may be of less impact considering that some warrants were for minor traffic cases, and counsel's argument that other warrants may have been issued when Defendant was in custody and unable to appear, this nevertheless weighs against release.

**<u>Whether Defendant was under supervision at the time of the alleged offense</u>** – Defendant had not completed a 2-year conditional suspension of a February 15, 2013, theft sentence, by the time the charged conspiracy allegedly commenced in June of 2014. If a sentence suspended for a specific period on certain conditions is construed as a period of "supervision," this weighs against release.

**IV. And the nature and seriousness of the danger to the community posed by Defendant's release** –

Defendant's history of being under the influence of and distributing methamphetamine, and his history of Failure to Appear warrants indicating a reluctance to comply with court-ordered conditions, suggest that pretrial release presents a risk to the community unless it can be controlled by conditions.

The Court, having considered the proffers of Defendant and Plaintiff, and 18 USC § 3142, finds the United States has not met it's burden of showing by a preponderance that no combination of conditions will reasonably assure the Defendant's appearance for further proceedings, nor by clear and convincing evidence that no combination of conditions will reasonably assure the safety of the community if Defendant is released pending trial.

The Court finds that a combination of conditions will reasonably assure the

Defendant's appearance and the safety of the community.

Accordingly Defendant's Motion, **ECF No. 90,** is **GRANTED.**

Defendant shall be released on August 28, 2015, under the conditions specified below.

**STANDARD CONDITIONS OF RELEASE**

**(1)** Defendant shall not commit any offense in violation of federal, state or local law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency, unless Defendant first notifies the supervising Pretrial Services Officer in the captioned matter.

**(2)** Defendant shall immediately advise the court, defense counsel and the U.S. Attorney in writing before any change in address and telephone number.

**(3)** Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.

**(4)** Defendant shall sign and complete A.O. Form 199C before being released and shall reside at the address furnished.

**(5)** Defendant shall not possess a firearm, destructive device or other dangerous weapon.

**(6)** Defendant shall report to the United States Probation Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

**(7)** Defendant shall contact defense counsel at least once a week.

**(8)** Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to possess, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

**(9)** Defendant shall refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law. Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law.

**(10)** Defendant shall surrender any passport to Pretrial Services and shall not apply for a new passport.

## ADDITIONAL CONDITIONS OF RELEASE

**(14)** Defendant shall remain in the Eastern District of Washington while the case is pending. By timely motion clearly stating whether opposing counsel and Pretrial Services object to the request, Defendant may be permitted to travel outside this geographical area.

**(15)** Avoid all contact, direct or indirect, with any persons who Defendant would reasonably know are or may become a victim or potential witness in the subject investigation or prosecution. Pretrial Services may but is not required to exempt specific named individuals from this prohibition, including but not limited to immediate family members or co-workers.

**(16)** Avoid all contact, direct or indirect, with known felons and/or Co-Defendant(s). Pretrial Services may but is not required to exempt specific named individuals from this prohibition, including but not limited to immediate family members or co-workers.

**(18)** Refrain from any use of alcohol.

**(19)** There shall be no alcohol in the home where Defendant resides.

**(20)** There shall be no firearms in the home where Defendant resides.

## SUBSTANCE ABUSE EVALUATION AND TREATMENT

If Defendant is required to submit to a substance abuse evaluation, inpatient or outpatient treatment, the following shall apply:

**Defendant shall complete treatment indicated by an evaluation or**

**recommended by Pretrial Services and shall comply with all rules of a treatment program.** Defendant shall be responsible for the cost of testing, evaluation and treatment, unless the United States Probation Office should determine otherwise. The United States Probation Office shall also determine the time and place of testing and evaluation and the scope of treatment.

Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment and performance in the program. It shall be the responsibility of defense counsel to provide such waivers.

Following any evaluation or treatment ordered here, Defendant shall complete any recommended aftercare program.

**If Defendant terminates any treatment program before it is completed, the treatment provider and Defendant shall immediately notify the U.S. Probation Officer.**

**If Defendant leaves an inpatient program before treatment is completed, the treatment facility and Defendant shall immediately notify the U.S. Probation Officer or, if the U.S. Probation Officer is unavailable, the U.S. Marshal, who shall in turn immediately notify the undersigned. Defendant shall comply with all directives of the U.S. Probation Officer.**

*PROVIDED* that Defendant's treatment and release from custody is on the express condition that treatment not hinder or delay the adjudication of this case, and that Defendant appear in person when required regardless of treatment status, and maintain adequate contact with defense counsel.

**(24)** **Substance Abuse Evaluation**: Defendant shall participate in a substance abuse evaluation.

Prior to release, Defendant must have an appointment for a substance abuse evaluation, and the appointment must be confirmed to the Court by Pretrial Services. **Whereupon the Court will execute the A.O. Form 199C referenced in Condition #4 above, and release Defendant to such evaluation.** The AO 199C form will specify when and to whom Defendant is to be released.

**(27) Prohibited Substance Testing**: **If random urinalysis testing is not done through a treatment program, random urinalysis testing shall be conducted through Pretrial Services, and shall not exceed six (6) times per month.** Defendant shall submit to any method of testing required by the Pretrial Service Office for determining whether the Defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of prohibited substance testing.

## HOME CONFINEMENT/ELECTRONIC/GPS MONITORING

**(28)** Defendant shall participate in one or more of the following home confinement program(s):

**Electronic Monitoring**: The Defendant shall participate in a program of electronically monitored home confinement. The Defendant shall wear, at all times, an electronic monitoring device under the supervision of U.S. Probation. In the event the Defendant does not respond to electronic monitoring or cannot be found, the U.S. Probation Office shall forthwith notify the United States Marshals' Service, who shall immediately find, arrest and detain the Defendant. The Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the U.S. Probation Office.

OR

**GPS Monitoring**: The Defendant shall participate in a program of GPS confinement. The Defendant shall wear, at all times, a GPS device under the supervision of U.S. Probation. In the event the Defendant does not respond to GPS monitoring or cannot be found, the U.S. Probation Office shall forthwith notify the United States Marshals' Service, who shall immediately find, arrest and detain the Defendant. The Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the U.S. Probation Office.

AND

**Curfew**: Defendant shall be restricted to his/her residence every day from **7:00 p.m. to 7:00 a.m.**

If a party desires that another Court review this order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington. Both parties shall cooperate to insure that the motion is promptly determined.

DATED August 21, 2015.




JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE